UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR VENEGAS,<br><br>                    Plaintiff,<br><br>         v.<br><br>CHAD BIANCO, et al.,<br><br>                    Defendants. | Case No. 5:19-cv-01557-JLS-SHK<br><br>**ORDER ACCEPTING IN PART AND REJECTING IN PART THE FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has performed a *de novo* review of the relevant record, including the First Amended Complaint ("FAC," Doc. 15),[1] the Motion to Dismiss filed by Defendants County of Riverside and its Sheriff's Department (Doc. 24), the Motion to Dismiss filed by individual Officer Defendants (Doc. 71), Plaintiff's Opposition to both Motions (Doc. 76), the Reply brief filed by all Defendants (Doc. 77), the Report and Recommendation of the United States Magistrate Judge ("R&R," Doc. 80), Defendants' Objection to the R&R (Doc. 82), Plaintiff's Objection to the R&R (Doc. 85), and Defendants' Reply to Plaintiff's Objection (Doc. 86).

Pursuant to the Court's review, and except as specified herein, the Court accepts the findings and recommendations set forth in the R&R.

### (1) Plaintiff's First Amendment Claim Against Defendant Irvine in his Individual Capacity is Viable

The Court declines to adopt the R&R to the extent that it dismisses with prejudice Plaintiff's First Amendment retaliation claim against Defendant Irvine. There are five elements to a First Amendment retaliation claim in the context of this case:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

---

[1] Plaintiff elected to proceed on the remaining claims in the FAC after the Magistrate Judge Order issued an order dismissing a number of claims with leave to amend. (*See* Order Dismissing Most Claims in FAC with Leave to Amend (Doc. 19); Pltf. Notice of [Partial] Dismissal (Doc. 20).)

1  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (noting that actions
2  taken in retaliation against inmates for filing prison grievances violate the First
3  Amendment).
4      The Court will not dismiss at the pleading stage that portion of Plaintiff's
5  First Amendment claim alleging retaliation in the form of the use of restraining
6  devices in an injurious manner when transporting Plaintiff.  As alleged by Plaintiff,
7  he was subjected to the use of particular restraints during transport, he was injured
8  by the use of those restraints, and the use of those restraints were unrelated to
9  security precautions and were instead intended to punish him for exercising his
10 free speech rights.  (*See* Doc. 15, FAC ¶¶ 128-154 (factual allegations regarding
11 use of restraints and resulting injuries); FAC ¶ 257-264 (asserting First
12 Amendment retaliation claim).)  Plaintiff also alleges that just before Plaintiff was
13 secured in those restraints, Defendant Irvine stated "[o]n the topic of grievances
14 and punishments, there's other restrictions that we can enforce and impose that
15 do[] not involve meals." (*See* FAC ¶¶ 133-134.)  And Plaintiff alleges that
16 deputies indicated that Defendant Irvine gave them specific direction on how
17 Plaintiff was to be restrained that same day.  (FAC ¶ 135.)
18     As explained below, Plaintiff alleges facts that, if resolved in his favor,
19 support inferences in his favor as to all five requirements articulated in *Rhodes*.
20              a.     **First Three *Rhodes* Elements**
21     Plaintiff alleges that Defendant Irvine took "adverse action" against him by
22 having him placed in enhanced restraints during transport in a manner that injured
23 Plaintiff, and that Defendant Irvine did so in response to (i.e., "because of")
24 Plaintiff's "protected conduct" of filing prison grievances.  Plaintiff alleges that
25 Defendant Irvine made a statement alluding to a retaliatory intent in close temporal
26 proximity to Plaintiff's transport in restraints on June 14, 2019, and that Defendant
27 Irvine had given specific instructions to the transporting deputies regarding the
28                                              3

method of restraints to be used on Plaintiff during transport. (*See* FAC ¶ 135 (alleging that deputies told Plaintiff on June 14, 2019 that Defendant Irvine had "pressed the issue [that] morning," and that "[they] were ordered to [place] security mitts on [Plaintiff] when he was "cross chain[ed]"). Additionally, Plaintiff alleges that this statement was made (and the use of restraints first occurred) on the day immediately after the written response rejecting Plaintiff's appeal of a denied grievance. (*See* FAC ¶¶ 133-134 (statement made on and restraints used on June 14, 2019); *cf.* Pltf. Obj. Ex. D, Doc. 85 at 23 (June 13, 2019 written denial of Plaintiff's grievance appeal).) Thus, the first three *Rhodes* elements for pleading a First Amendment retaliation claim are satisfied.

### b.     *Rhodes* Element Four

The Court concludes that Plaintiff has sufficiently alleged a chilling effect on the exercise of his free speech rights. (*Cf.* R&R, Doc. 80 at 28-29 (observing that "Plaintiff fails to plead facts suggesting that Irvine's actions chilled Plaintiff's exercise of his free speech rights").) An actual, subjective chilling effect is not required to support a First Amendment retaliation claim; instead, the key question in a First Amendment retaliation case is whether the retaliatory activity "would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568-69 (quotation marks omitted); *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 779 (9th Cir. 2022). Here, Plaintiff sets forth sufficient allegations to support the inference that "a person of ordinary firmness" would be chilled from further exercising his free speech rights rather than suffer the pain and physical injuries alleged by Plaintiff in the FAC, thus satisfying the fourth element of *Rhodes*. (*See* FAC ¶¶ 151-172.)

### c.     *Rhodes* Element Five

Plaintiff also sufficiently alleges the final *Rhodes* element, namely, that the action did not reasonably advance a legitimate correctional goal. Although

4

Plaintiff was restrained in a manner consistent with the Sheriff's Department policy for transporting inmates who are housed in administrative segregation (R&R, Doc. 80 at 28-29), Plaintiff has alleged a factual basis supporting an inference that the policy was enforced in his case in order to punish him for the exercise of his free speech rights.  Specifically, it appears from Plaintiff's allegations that this policy was inconsistently enforced prior to June 14, 2019.  (*See* FAC ¶ 134 (alleging that he had been transported several times without such restraints).)  And Plaintiff's allegations link a statement evidencing retaliatory intent with retaliatory action:  Specifically, Plaintiff links Defendant's Irvine's statement regarding "other restrictions" that could be enforced against Plaintiff with Defendant Irvine's involvement in selecting a particularly painful method of restraining Plaintiff.

That an inmate is subjected to treatment that is consistent with an otherwise legitimate policy does not bar a First Amendment retaliation claim where that policy is enforced against the inmate with retaliatory intent.  When enforced with retaliatory intent, the policy cannot be said to "***reasonably*** advance a ***legitimate*** correctional goal."  *Rhodes*, 408 F.3d at 567-68 (emphasis added).  This final *Rhodes* factor is met where a policy that generally serves a legitimate purpose is enforced for a retaliatory purpose.  *See Johnson v. Ryan*, 55 F.4th 1167, 1202 (9th Cir. 2022).  In *Johnson*, officers were accused of retaliating against an inmate for his protected activity (filing lawsuits) by transferring an inmate to a different housing unit.  *Id.*  The district court granted summary judgment to the officers on the basis that their conduct was in conformity with an institutional policy that served a legitimate penological goal, but the Ninth Circuit reversed, holding that where an officer uses legitimate jail or prison procedures "in order to punish" an inmate for engaging in activity protected by the First Amendment, the officer's

"use of these procedures [is] not a reasonable advancement of the legitimate penological goal." *Johnson*, 55 F.4th at 1202.

Therefore, here, Plaintiff alleges facts that, if resolved in his favor, would support inferences in his favor as to all five requirements articulated in *Rhodes* have been met. Thus, Plaintiff has stated a claim for First Amendment retaliation against Defendant Irvine, and the Court declines to adopt the R&R to the extent that it dismisses with this claim.

### (2) Defendant Irvine is not Entitled to Qualified Immunity as to the First Amendment Retaliation Claim

Nor does Defendant Irvine's assertion of qualified immunity require dismissal of Plaintiff's First Amendment retaliation claim. "Qualified immunity protects government officers from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018). To determine whether an officer is entitled to qualified immunity, courts consider two questions: "(1) whether the alleged misconduct violated a [constitutional] right and (2) whether the right was clearly established at the time of the alleged misconduct." *Id.*

The Court discussed the first question in the previous section, concluding that Plaintiff sufficiently alleged a violation of his First Amendment rights. As to the second question, Plaintiff bases his First Amendment retaliation claim on allegations of officer misconduct in June 2019. By that time, Plaintiff's right to be free from retaliatory enforcement of an otherwise legitimate institutional policy was clearly established. Specifically, although *Johnson* (decided in 2022) is a more recent application of how a pretextual application of a legitimate policy does "not reasonably advance a legitimate correctional goal," this proposition has been the clearly established law at least since the Ninth Circuit decided the case upon

1  which *Johnson* relies, *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003).  In
2  *Bruce*, the court noted that "prison officials may not defeat a retaliation claim . . .
3  simply by articulating a general justification for a neutral process" where there are
4  issues of fact "as to whether the action was taken in retaliation for the exercise of a
5  constitutional right." *Id.* at 1289.

Therefore, Defendant Irvine is not entitled to qualified immunity as to Plaintiff's First Amendment retaliation claim at the pleadings stage.

### (3)   Defendants' Objection:  Eighth Amendment Claim

Second, the Court overrules Defendants' Objection to the R&R's denial of the Motions to Dismiss Plaintiff's Eighth Amendment claim for denial of meals. Specifically, Defendants argue that Plaintiff does not allege physical injury (such as weight loss) as a result of the denial of meals and that the failure to do so is fatal to his claim in light of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) ("PLRA").  (*See* Def. Obj., Doc. 82 at 1-3.)  Although this provision of the PLRA indeed requires in most instances that claims by an inmate result in physical injury rather than "mental or emotional injury," this requirement is minimal in that "a prisoner need not suffer an injury that is observable, requires a diagnosis, or demands medical treatment."  *Bell v. Williams*, 108 F.4th 809, 829 (9th Cir. 2024) (relying on *Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002)).  The injury alleged in the FAC and discussed in the R&R is sufficient to meet this requirement. (*See* R&R, Doc. 80 at 32-35; *see also* FAC ¶ 205 (alleging documented weight loss of eleven pounds).)  The Court therefore overrules Defendants' Objection.

### (4)   Rulings Not Expressly Rejected are Accepted

The Court accepts the findings and recommendations set forth in the R&R other than the findings and recommendation as to the First Amendment retaliation claim against Defendant Irvine.  Specifically:

7

Defendants' MTDs as to Plaintiff's official capacity claims against the Officer Defendants, Plaintiff's claims for injunctive and declaratory relief, and Plaintiff's First Amendment retaliation claims (except as to the claim against Defendant Irvine in his individual capacity as discussed herein), are GRANTED and those claims are DISMISSED WITH PREJUDICE; and

Defendants' MTDs as to Plaintiff's Eighth Amendment claim are GRANTED IN PART AND DENIED IN PART. That claim may proceed against the two County Defendants in their official capacities and against Defendants Lomeli, Ocampo, Irvine, Hixson, Basua, Rosa, Kelley, Hernandez, DeAnda, Martinez-Larsen, Bell, Morris, Carrillo, Velasquez, Contreras, and Spradlin in their individual capacities. The Eighth Amendment claim is dismissed with prejudice as to Defendants Griffith, Taylor, Shield, and Boydd.

**IT IS SO ORDERED.**

Dated: March 6, 2025

_____
Hon. Josephine L. Staton
United States District Judge